IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DWAYNE ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:22-cv-02523-TLP-atc |
| v. ) | |
| ) | JURY DEMAND |
| METRO BY T-MOBILE, T-MOBILE AND ) | |
| ITS AFFILIATES, and AMERICAN ) | |
| ARBITRATION ASSOCIATION, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Dwayne Anderson sued Metro by T-Mobile, T-Mobile and its Affiliates, ("Metro Defendants"), and the American Arbitration Association ("AAA") ("Defendants"). (ECF No. 1.) He claims that the Metro Defendants charged him erroneous fees and an unnecessary insurance deposit for a replacement cell phone. (*Id.* at PageID 2–3.) Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Annie T. Christoff ("Judge Christoff"), for management of all pretrial matters. Judge Christoff then granted Plaintiff's motion to proceed in forma pauperis. (ECF No. 6.)

Judge Christoff next screened Plaintiff's complaint under 28 U.S.C. § 1915(e)(2) and entered a Report and Recommendation ("R&R") recommending that the Court dismiss all claims against the AAA with prejudice, dismiss Plaintiff's RICO claim with prejudice, and dismiss the remaining state law claims without prejudice. (ECF No. 8 at PageID 35.) For the reasons below, the Court **ADOPTS** her R&R.

1

## **BACKGROUND AND THE R&R**

Plaintiff sued here in August 2022 and moved to proceed in forma pauperis. (ECF Nos. 1–2.) His lawsuit stems from two instances in May 2022, in which the Metro Defendants allegedly overcharged him for cell phone services. (*See* ECF No. 1.) The first instance involved a $64 charge for his cell phone plan—Plaintiff contends that these services should only cost $60. (*Id.* at PageID 2.) Next, Plaintiff reported his cell phone stolen and sought a replacement. (*Id.*) The Metro Defendants charged him a $65 deductible for his new phone, and then $35 for a case and screen protector. (*Id.*) Plaintiff alleges that these were erroneous charges and that the Metro Defendants violated RICO (18 U.S.C. § 1962(c)), the Tennessee Consumer Protection Act ("TCPA), and committed fraud. (*Id.* at PageID 3.)

Plaintiff next sued the American Arbitration Association ("AAA") for the same offenses. (*Id.*) In mid-May 2022, Plaintiff lodged his complaint for damages against the Metro Defendants, following the so-called erroneous charges. (*Id.*) A pro se administrator for the AAA contacted him a month later, to let Plaintiff know that the Metro Defendants never answered his complaint and that they owed $500, payable by mid-July. (*Id.*) The administrator explained that the next step is to appoint an arbitrator, and that Plaintiff should tell her when he wished to proceed. (*Id.*)

Plaintiff claims that he contacted the Metro Defendants' counsel to settle the claim and after two discussions, counsel stopped responding. (*Id.*) After the unsuccessful settlement attempts, Plaintiff emailed the AAA's pro se manager about the case's status on July 18, 2022. (*Id.*) Ten days later he sued, alleging that the AAA failed to appoint an arbitrator and render a judgment in the case. (*Id.*) Plaintiff seeks ten million dollars in compensatory damages and ten million dollars in punitive damages. (*Id.* at PageID 4.)

Judge Christoff screened Plaintiff's complaint under 28 U.S.C. § 1915(e)(2).  (*See* ECF No. 8.)  Judge Christoff explained that summonses can be issued only if the complaint satisfies the pleading requirement under Federal Rule of Civil Procedure 12(b)(6) and its application in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).  (*Id.* at PageID 29.)

First, Judge Christoff explained why Plaintiff cannot sue the AAA because it maintains arbitral immunity.  (ECF No. 8 at PageID 30–32.)  Judge Christoff then analyzed Plaintiff's RICO claim and found that it failed to satisfy the pleading requirement under rule 12(b)(6).  (ECF No. 8 at PageID 34–35.)  And since the RICO claim cannot clear the plausibility standard, the Court has no original jurisdiction over the two remaining state law claims.  (*Id.* at PageID 34–35.)  Judge Christoff then recommended that all claims against the AAA be dismissed with prejudice, Plaintiff's RICO claim be dismissed with prejudice, and that the remaining state law claims be dismissed without prejudice because the Court should not exercise supplemental jurisdiction.  (*Id.* at PageID 35.)

## LEGAL STANDARD

Because Plaintiff is a pro se, non-prisoner litigant and proceeding in forma pauperis, the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B) before issuing process.  *See also*, Local Rule 4.1(b)(2).  Under § 1915(e)(2)(B), the Court will dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against an immune defendant.

The standard for determining whether a complaint states a valid claim is identical to the requirements under Federal Rule of Civil Procedure, 12(b)(6).  To avoid dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its

face." *Twombly,* 550 U.S. at 570. A claim is plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). But the court need not accept as true any conclusory allegation because every legal conclusion in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Courts liberally construe pro se complaints and hold them "to less stringent standards than formal pleadings drafted by lawyers." *Williams v. Curtin*, 631 F.3d 380, 383 (2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). But even pro se complaints must satisfy the plausibility standard. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("the lenient treatment generally accorded to pro se litigants has limits."). And pro se litigants are not exempt from following the Federal Rules of Civil Procedure. *See Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011). Courts also "have no obligation to act as counsel or paralegal to pro se litigants." *Thomas v. Romanowski*, 362 F. App'x 452, 456 (6th Cir. 2010) (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)).

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain pretrial matters, including whether to dismiss an action for failure to state a claim. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to

4

the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If the parties do not object, then a district court reviews an R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Christoff entered her R&R in December 2023 and Plaintiff did not object. The Court therefore reviews the R&R for clear error.

## DISPOSITION

After review, the Court agrees with Judge Christoff's R&R.

### I.     The AAA Is Immune from Suit Under Arbitral Immunity

Plaintiff sues the AAA for its alleged failure to appoint an arbitrator timely. (ECF No. 1 at PageID 3.) But Judge Christoff correctly found that these claims are barred under arbitral immunity. (ECF No. 8 at PageID 30.) This Court agrees.

Judicial immunity, the understanding that judges cannot be liable for performing their duties, is deeply rooted in the legal system. *See Bradley v. Fisher*, 80 U.S. 335, 347 (1871). The Sixth Circuit has extended a quasi-immunity to other public officials, such as arbitrators, whose purpose is "functionally comparable to that of a judge." *Int'l Union, United Auto., Aerospace, and Agric. v. Greyhound Lines, Inc.*, 701 F.2d 1181, 1185 (6th Cir. 1983) (discussing the policy considerations of arbitral immunity). The Sixth Circuit explained that this immunity applies if the arbitrator is acting in his official capacity to resolve issues. *Id.*

And arbitral immunity not only shields the arbitrator, but the organization sponsoring the arbitration. *Corey v. New York Stock Exch.*, 691 F.2d 1205, 1211 (6th Cir. 1982). The AAA is one such sponsoring organization. *See* e.g., *New England Cleaning Servs., Inc. v. Am. Arb. Ass'n*, 199 F.3d 542 (1st Cir. 1999) (holding that the AAA's decision to process an arbitration

proceeding was protected by arbitral immunity); *Royse v. Corhart Refractories Co.*, 2008 WL 4911117, at *2 (W.D. Ky. Nov. 13, 2008), as amended (Nov. 14, 2008) (holding that the AAA is immune from civil liability); *Smith v. Shell Chem. Co.,* 333 F. Supp. 2d 579, 589 (M.D. La. 2004) (finding AAA immune from liability due to "doctrine of arbitral immunity").

Because Plaintiff's sole claim against AAA is its alleged failure to appoint an arbitrator, Judge Christoff found this to be within the AAA's duties and under the scope of immunity. (ECF No. 8 at PageID 32.) She then recommended dismissal of all claims against the AAA with prejudice. (*Id.*) The Court agrees with her recommendation.

## II.     Plaintiff Failed to State a RICO Claim

The Court's next question is whether Defendants' alleged violation of the TCPA, and Plaintiff's $104 dollars in erroneous charges, can support a RICO claim under Rule 12(b)(6). Judge Christoff found that it cannot, and this Court agrees.

RICO makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). To establish a violation of §1962, a plaintiff must show: "1) there were two or more predicate offenses; 2) the existence of an enterprise engaged in or affecting interstate or foreign commerce; 3) a nexus between the pattern of racketeering activity and the enterprise; and 4) an injury to business or property by reason of the above." *Frank v. D'Ambrosi*, 4 F.3d 1378, 1385 (6th Cir. 1993) (citation omitted).

The "essential element" for a RICO claim is its requirement to prove "two or more predicate offenses." *Moses v. Gardner*, 2017 WL 1364977, at *5 (W.D. Tenn. Apr. 12, 2017),

*aff'd*, 2017 WL 9251805 (6th Cir. Nov. 9, 2017).  These predicate offenses are listed in 18 U.S.C. § 1961(1).  But Plaintiff's complaint alleges no such offenses.

First, Plaintiff accuses Defendants of violating the TCPA.  (ECF No. 1 at PageID 2.)  But because the TCPA is not a criminal statute, it is not a predicate offense under RICO.  *See Bushnell v. Bedford Cnty.,* 432 F. App'x 472, 474 (6th Cir. 2011).  This only leaves Plaintiff's generalized "fraud" claim, where he alleges violations of 18 U.S.C. § 1961–68.  Except these are the statutory provisions for RICO and not separate fraud statutes.

What is more, if plaintiff had properly alleged mail or wire fraud, as permitted in § 1961(1), he would have had to comply with the heightened pleading standard under Federal Rule of Civil Procedure 9(b).  *See Frank v. Dana Corp.,* 547 F.3d 564, 570 (6th Cir. 2008).  Rule 9(b) directs a party to "state with particularity the circumstances constituting fraud or mistake."  This means that Plaintiff would need to describe: 1) a fraudulent statement; 2) the speaker who issued this statement; 3) when and where the statement was made; and 4) how it was fraudulent.  *Heinrich v. Waiting Angels Adoption Servs., Inc.,* 668 F.3d 393, 404 (6th Cir. 2012).  And he would have to explain how this wire or mail fraud allegation is the proximate cause of his injuries.  *Id.*

Plaintiff never identifies a single predicate offense, much less two or more that could show a pattern of racketeering activity.  In fact, Defendants' only alleged wrongdoing is charging Plaintiff a four-dollar fee, a $65 deductible for a phone replacement, and $35 dollars for cell phone accessories.  (ECF No. 1 at PageID 1–2.)  Even if this conduct qualified as a pattern of racketeering activity, all the alleged wrongdoing was directed solely at Plaintiff.  (*Id.*)  And civil Rico claims "with a single objective and a single victim are not sufficient to establish a pattern of

7

racketeering activity, as they do not sufficiently evidence long-term criminal conduct." *Clair v. Bank of Am., N.A.,* 2016 WL 6092715, at *6 (W.D. Tenn. Oct. 19, 2016).

Even when the Court accepts the factual allegations as true, and construes them in Plaintiff's favor, they do not satisfy the Rule 12(b)(6) pleading requirement. For this reason, Judge Christoff recommended dismissing Plaintiff's RICO claim with prejudice. (ECF No. 8 at PageID 33–34.) This Court agrees with her recommendation.

### III.     The Court has No Jurisdiction Over Plaintiff's Remaining State Law Claims

Because Plaintiff's remaining claims are both state law claims—for a violation of the TCPA and common law fraud—Judge Christoff correctly found that this Court lacks original subject matter jurisdiction. (ECF No. 8 at PageID 34–35.) And a Court may decline to exercise supplemental jurisdiction. *See Wojnicz v. Davis*, 80 F.App'x 382, 384–85 (6th Cir. 2003) ("[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well"). Judge Christoff recommended dismissal of Plaintiff's two state law claims because, following dismissal of Plaintiff's RICO claim, there is no separate basis for subject matter jurisdiction, and Plaintiff never explained why the Court should maintain jurisdiction. (*See* ECF No. 1 at PageID 1, ECF No. 8 at PageID 34–35.) The Court agrees with Judge Christoff and adopts her recommendation.

### CONCLUSION

Having reviewed Judge Christoff's R&R for clear error and finding none, the Court agrees with Judge Christoff's ruling and reasoning. And so the Court **ADOPTS** Judge Christoff's R&R, **DISMISSES** all claims against the AAA **WITH PREJUDICE, DISMISSES** Plaintiff's RICO claim **WITH PREJUDICE** and **DISMISSES** Plaintiff's state law claims **WITHOUT PREJUDICE.**

**SO ORDERED**, this 28th day of May, 2024.

                                      s/Thomas L. Parker
                                      THOMAS L. PARKER
                                      UNITED STATES DISTRICT JUDGE